NO. 07-03-0506-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 16, 2003

_____

IN RE: BETTY ANN NEWBY,

Relator

_____

*Original Proceeding — Memorandum Opinion*

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Pending before the court is the petition of Betty Ann Newby for a writ of mandamus. She asks this court to set aside an order of the Hon. Lee Waters, 223rd District Court, denying her motion to recuse the Hon. Jack Young, who was assigned to sit in the 84th District Court. She also requests that we nullify Judge Young's orders denying her plea to the jurisdiction of the court and granting the motion of Moser Investment to foreclose on property of the estate of George Ralph Newby, Jr. We deny the petition.

Each request of Newby is founded upon the contention that Judge Waters was prohibited from deciding her motion to recuse Judge Young. According to Newby, he was so prohibited because she objected to the assignment, by the regional administrative judge, of Judge Waters to hear the motion. And, because Judge Waters was barred from ruling on the motion, his order denying it as well as the orders issued by Judge Young

thereafter (*i.e.* those denying the plea to the jurisdiction of the court and allowing the foreclosure) were purportedly void. We disagree.

Newby acknowledges, in her petition, that Judge Waters is a duly elected, active district court judge. Because he is, his assignment to hear the motion to recuse is not subject to objection. TEX. GOV. CODE ANN. §74.053(e) (Vernon Supp. 2004) (stating that an "active judge assigned under this chapter is not subject to an objection"). Accordingly, the foundation underlying each of her arguments is non-existent, and they must fail.[1]

Accordingly, we deny the petition for writ of mandamus.[2]


Brian Quinn
Justice

---

[1] To the extent Newby suggests that Judge Waters was also subject to recusal because he was not elected by the voters of Hutchinson County, Texas, we note that statute permits the assignment of active judges to sit in districts other than those for which they were elected. TEX. GOV. CODE ANN. §§74.052 (Vernon 1998) & 74.054 (Vernon Supp. 2004). So, this suggestion is also baseless.

[2] Because we deny the petition for writ of mandamus, Newby's motions to recuse the Hon. John T. Boyd, sitting by assignment in this court, and for leave to proceed *in forma pauperis* are denied as moot.